Anthony V. Diosdi (CA SBN 339070)
(adiosdi@sftaxcounsel.com)
Diosdi & Liu, LLP
505 Montgomery Street, 11th Floor
San Francisco, CA 94111
Telephone: (415) 391-3990
Facsimile: (415) 335-7922

Attorney for Plaintiff
Geraldene Pratt Madrid

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALDENE PRATT MADRID, | Case No. |
| Plaintiff, | |
| v. | **COMPLAINT FOR DECLARATORY RELIEF** |
| INTERNAL REVENUE SERVICE; | |
| UNITED STATES OF AMERICA, | |
| Defendants. | |

Plaintiff, GERALDENE PRATT MADRID, by and through her counsel, Anthony V. Diosdi, for her Complaint against Defendant, the United States of America. In support thereof, Plaintiff alleges the following:

## NATURE OF THE CASE

1.   This is an action brought by Plaintiff for declaratory judgment, wherein Plaintiff is disputing a civil penalty assessment for failure to timely file Form 3520

required by Section 6039F of the Internal Revenue Code and regulations promulgated thereunder.

2.    Defendant assessed a significant penalty under Section 6039F of the Internal Revenue Code in disregard of Plaintiff's reasonable cause defense and other defenses to the penalty.

3.    The Plaintiff seeks declaratory judgment ordering that the Internal Revenue Service ("IRS") administrative appeals process violated the Due Process Clause of the Fifth Amendment of the Constitution, and the Administrative Procedure Act, 5 U.S.C. Section 551, *et seq*.

4.    The Plaintiff seeks a declaratory judgment to remand her case back to the Independent Office of IRS Appeals to reconsider Plaintiff's reasonable cause defense and other defenses to the Section 6039F penalty.

## JURISDICTION AND VENUE

5.    This Court has federal question jurisdiction under 28 U.S.C. Section 1331, and this Court has authority to grant relief requested under 5 U.S.C. Sections 702-706 and 28 U.S.C. Section 2201, 2202.

6.    Venue is proper in this Court under 28 U.S.C. § 1391(e)(1) because a substantial part of the events giving rise to the claim against Defendant, the United States of America, occurred in the Northern District of California, and because Plaintiff resides in the district.

## PARTIES

7.    Plaintiff, Geraldene Pratt Madrid, is an elderly individual with limited resources residing in Alameda County of the State of California.

8.     Defendant, Internal Revenue Service, is an executory agency of the United States within the meaning of the APA, 5 U.S.C. Sections 551 and 701, and a bureau of the United States Department of Treasury.

9.     Defendant, United States of America, is the federal government formed under the Constitution of the United States of America.

**GENERAL ALLEGATIONS**

10.    Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

11.    Section 1905 of the 1996 Tax Act created reporting requirements under Section 6039F of the Internal Revenue Code for U.S. persons (other than certain exempt organizations) that receive large gifts (including bequests) from foreign persons. The information reporting provisions require U.S. donees to provide information concerning the receipt of large amounts that the donees treat as foreign gifts, giving the IRS an opportunity to review the characterization of these payments and determine whether they are properly treated as gifts.

12.    U.S. donees are currently required to report certain information about such foreign gifts on Part IV of Form 3520.

13.    Section 6039F(b) generally defines the term "foreign gift" as any amount received from a person other than a U.S. person that the recipient treats as a gift or bequest.

14.    Under Sections 6039F(a) and (b), reporting is required for aggregate foreign gifts in excess of $100,000 during a taxable year. Once the $100,000 threshold has been met, the U.S. donee is required to file a Form 3520 with the IRS.

15.    Section 6039F(c) provides that if a U.S. person fails, without reasonable cause, to report a foreign gift as requested by Section 6039F, the (1) the tax consequences of the receipt of the gift will be determined by the Secretary and (2) the

U.S. person will be subject to a penalty equal to 5% of the amount for the gift for each month for the failure to report the foreign gift continues, with the total penalty not to exceed 25% of such amount.

16.     Originally, penalties associated with Form 3520 were assessed manually on individuals and entities who missed filing deadlines and were discovered during an audit.

17.     Several years ago, the IRS began a systematic assessment of Section 6039F penalties associated with the late filing of Form 3520s. The systematic assessment of Section 6039F penalties is controversial. Many U.S. donees are unaware of their Form 3520 reporting obligation and learn of their filing obligation after the due date of the filing obligation has already passed. Many of these same U.S. donees often try to comply with their Form 3520 filing requirement late. The IRS typically rewards these U.S. donees "trying to do the right thing" by automatically assessing the maximum Section 6039F penalty against them.

18.     The IRS treats Section 6039F penalties as summarily assessable, as they are not subject to deficiency procedures, wherein taxpayers receive a notice of deficiency alerting them of the potential assessment and explaining the taxpayer's options for contesting or complying with the penalty assessment. The notice of deficiency also informs taxpayers of the last day to petition the United States Tax Court for pre-assessment and prepayment judicial review.

19.     Summarily assessable penalties are primarily found in Sections 6671 through 6720C, Chapter 68, Subchapter B of the Internal Revenue Code titled "Assessable Penalties." The IRS has taken the position that it is authorized to assess and collect assessable penalties "in the same manner as taxes" without sending the taxpayer a notice of deficiency. Summary assessments are made without the issuance of a notice of deficiency and "shall be paid upon notice and demand and collected in the same manner as taxes."

1

**Overview of Plaintiff's Facts**

2

3       20.    Plaintiff realleges and incorporates by reference the foregoing paragraphs

4       as if fully set forth herein.

5       21.    Plaintiff received an inheritance of approximately $350,000 in cash from

6       her deceased mother in 2017. Plaintiff's deceased mother was a resident of the United

7       Kingdom.

8       22.    Plaintiff informed her tax advisor of many years, JoAnn Harteau, about the

9       $350,000 foreign bequest that she received in 2017. Plaintiff also provided JoAnn

10      Harteau with a completed 2017 tax organizer, along with all of her tax documents .

11      23.    JoAnn Harteau was licensed as an enrolled agent by the IRS.

12      24.    JoAnn Harteau told Plaintiff that the foreign bequest was not taxable and,

13      as a result, it did not need to be disclosed in Plaintiff's 2017 tax returns.

14      25.    In the following year, Plaintiff retained the services of a new tax

15      professional because JoAnn Harteau had retired. It was discovered by the new tax

16      professional that Plaintiff should have filed a Form 3520 with her 2017 tax returns to

17      report the foreign bequest.

18      26.    Upon such discovery, Plaintiff immediately filed the 2017 Form 3520 with

19      the IRS on February 26, 2019.

20      27.    On November 2, 2020, the IRS automatically assessed against Plaintiff a

21      penalty in the amount of $91,712.50 pursuant to Section 6039F of the Internal Revenue

22      Code for failing to timely disclose the 2017 foreign gift on Form 3520. *See* Exhibit A.

23      That figure represented the highest possible penalty amount, which was 25 percent of

24      the gift received.

25      28.    The IRS has authority to waive the penalty if the individual that was

26      assessed the penalty can demonstrate that the violation was due to reasonable cause. *See*

27      IRC Section 6039F(c)(2).

28

29.    "Reasonable cause" is nowhere defined in Section 6039F or in regulations interpreting it. That phrase, however, appears repeatedly in statutes governing the IRS's tax assessment role. For example, 26 U.S.C. Section 6664(c)(1) prohibits penalties for any portion of an underpayment of tax "if it is shown that there was reasonable cause for such portion and that the taxpayer acted in good faith with respect to such portion." Another statute, applicable to foreign trusts, prohibits penalties for "any failure which is shown to be due to reasonable cause and not due to willful neglect." *See* 26 U.S.C. Section 6677(d). The statute which is analogous in this case is 26 U.S.C. Section 6651(a)(1). In that statute, Congress prohibited monthly penalties for failing to file tax returns where "such failure is due to reasonable cause and not due to willful neglect."

30.    In 1985, the Supreme Court noted that the meaning of the terms "reasonable cause" and "willful neglect" 'ha[d] become clear over the near-70 years of their presence in the statutes." *See United States v. Boyle*, 469 U.S. 241, 246 (1985). It also noted that the regulations defined "reasonable cause" for purposes of Section 6651(a)(1). The relevant Treasury Regulation calls on the taxpayer to demonstrate that he/she exercised "ordinary business care and prudence" but nevertheless was "unable to file the return within the prescribed time."

31.    There is no reason to believe that Congress intended the meaning of "reasonable cause" in a Section 6039F penalty case to differ from the meaning ascribed to it in tax statutes.

32.    Reliance on the advice of a tax professional may constitute reasonable cause and good faith, if under all the facts and circumstances, the reliance is reasonable and in good faith. The United States Supreme Court has stated: "When an accountant … *advises* a taxpayer on a matter of tax law, such as whether liability exists, it is reasonable for the taxpayer to rely on that advice. Most taxpayers are not competent to discern error in the substantive advice of an accountant…. To require the taxpayer to challenge [or] seek a 'second opinion,' or to try to monitor [the accountant] on the provisions of the [Internal Revenue] Code himself would nullify the very purpose of

seeking the advice of a presumed expert in the first place…. 'Ordinary business care and prudence' do not demand such actions." *United States v. Boyle*, 469 U.S. at 251.

33.     In this case, Plaintiff consulted her tax accountant prior to receiving the gift, and the accountant advised her that she did not have to comply with any U.S. reporting requirements.

34.     Plaintiff made a reasonable attempt to comply with the provisions of the Internal Revenue Code by retaining a competent tax professional. The facts and circumstances in the case indicate that the tax professional failed to exercise ordinary and reasonable care in the preparation of Plaintiff's 2017 tax returns.

35.     Both sophisticated and unsophisticated taxpayers commonly employ tax experts to advise them on the complexities of the Internal Revenue Code.

36.     If Plaintiff could not reasonably rely upon her tax professional's advice, it is difficult to fathom how she could be expected to navigate the Internal Revenue Code and its innate complexities on her own.

37.     On November 24, 2020, Plaintiff disputed the penalty of $91,712.50 by filing a Protest Letter. *See* Exhibit B.

38.     On September 7, 2021, Plaintiff requested assistance from the IRS Taxpayer Advocate Service.

39.     On August 10, 2022, Plaintiff supported her position in a followup correspondence. *See* Exhibit C.

**The IRS Violated the Plaintiff's Due Process Rights By Failing to Properly Apply the Reasonable Cause Standard Stated in Section 6651**

40.     Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

41.     On December 17, 2021, more than a year after the date the IRS assessed the 2017 penalty against Plaintiff, the IRS informed Plaintiff that her request to abate

the Section 6039F penalty was rejected. In contravention of the Supreme Court's holding in *Boyle* and the regulations promulgated for Internal Revenue Code Section 6651(a)(1), the IRS notice concluded that ordinary business care and prudence require taxpayers to make themselves aware of their duties and that ignorance of tax laws could not serve as a basis for reasonable cause. *See* Exhibit D.

42.     The reason the IRS denied the Plaintiff's request to remove the Section 6039F penalty has no rational basis in Section 6039F(c)(2). The IRS's interpretation of Section 6039F(c)(2) is incorrect and therefore is an invalid interpretation of Section 6039F(c)(2).

43.     The Plaintiff was adversely affected by the IRS's invalid interpretation of Section 6039F(c)(2).

44.     The Plaintiff has no adequate remedy at law.

45.     The IRS's determination that the Plaintiff was liable for a Section 6039F for the 2017 calendar year was unreasonable, arbitrary and capricious, and an abuse of discretion.

46.     As a direct and proximate result of Defendant's actions, Plaintiff has been deprived of due process as guaranteed under the Fifth Amendment of the Constitution.

**IRS Independent Office of Appeals Violated the Plaintiff's Due Process Rights By Failing to Properly Apply the Reasonable Cause Standard Stated in Section 6651**

47.     Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

48.     On February 9, 2022, the Plaintiff timely appealed the IRS's denial of her request for the abatement of the Section 6039F penalty to the IRS Independent Office of Appeals (hereinafter "Appeals").

49.     In her written appeal, the Plaintiff stated in detail the facts and circumstances of her case and the reason she acted with reasonable cause.

50.     According to information that was obtained through a Freedom of Information Act ("FOIA") request from the IRS, the IRS provided "training materials" to IRS Appeals Officers for purposes of the Section 6039F penalty. The "training materials" included examples and Internal Revenue Manual ("IRM") cites. The "training materials" provided to Appeals Officers stressed that Section 6039F penalty mitigation should be used sparingly and only when hazards of litigation are low and extenuating circumstances exist. *See IRS Appeals Training Materials on Reasonable Cause Worry Practitioners,* Tax Notes Int'l, Oct. 10, 2022, pp. 144-47.

51.     These "training materials" are contrary to *Boyle* and Treasury Regulations promulgated for Section 6651(a)(1) that require ordinary business care and prudence to establish reasonable cause to remove a penalty.

52.     IRS Appeals assigned Appeals Officer Xi Lian to Plaintiff's case.

53.     On August 18, 2023, the Plaintiff received a fax from IRS Appeals Officer Xi Lian.

54.     The August 18, 2023 fax indicated that Xi Lian followed the "training materials" and rubber-stamped the 2017 Section 6039F penalty assessment. However, Xi Lian reduced the Section 6039F penalty by 50%. *See* Exhibit E. In contrast to the December 17, 2021 IRS letter, the Appeals Officer provided no information as to her basis for the 50% penalty assessment.

55.     On September 29, 2023, Plaintiff's counsel sent Xi Lian a detailed written correspondence urging the Appeals Officer to reconsider her position. *See* Exhibit F.

56.     Xi Lian ignored the September 29, 2023 correspondence.

57.     IRS Appeals misinterpreted the definition of reasonable cause in the context of Section 6039F(c)(2) and incorrectly determined that Section 6039F(c)(2) provides that "ignorance of tax laws could not serve as a basis for reasonable cause."

58.     IRS Appeals acted arbitrarily and capriciously or abused its discretion by misinterpreting Section 6039F(c)(2).

59.     The Plaintiff has no adequate remedy at law.

60.     As a direct and proximate result of the Defendant's actions, Plaintiff has been deprived of due process as guaranteed under the Fifth Amendment of the Constitution.

**IRS Administrative First-Time Penalty Abatement Procedures**

61.     Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

62.     In 2001, the IRS established the first-time penalty abatement procedures to help administer the abatement of penalties consistently and fairly, reward past compliance, and promote future compliance. This administrative program allows a first-time noncompliant taxpayer to request abatement of certain penalties for a single tax period. The first-time penalty abatement rules are set forth on the IRS website at: https://www.irs.gov/payments/penalty-relief-due-to-first-time-abate-or-other-administrative-waiver.

63.     According to the IRS's first-time penalty abatement procedures, a participant meets all of the first-time penalty abatement criteria as stated below: (1) Filing compliance: a participant must have filed (or filed a valid extension for) all required returns and can't have an outstanding request for a return from the IRS. (2) Payment compliance: the participant must have paid, or arranged to pay all tax due (can be in an installment agreement as long as the payments are current). (3) The participant must have no prior penalties (except an estimated tax penalty) for the preceding three years.

64.     The Plaintiff qualified for relief from the Section 6039F penalty under the terms of the first-time penalty abatement procedures.

65.     On September 29, 2023, Plaintiff's counsel sent IRS Appeals Officer Xi Lian a protest letter telling the Appeals Officer that the Plaintiff qualified for the first-

time penalty abatement procedures and as a result, the Section 6039F penalty assessed against the Plaintiff should be removed. *See* Exhibit F.

66.     Xi Lian refused to grant the Plaintiff relief through the first-time penalty abatement procedures.

67.     The Plaintiff was adversely affected by the IRS's refusal to grant her relief through the first-time penalty abatement procedures.

68.     The IRS's refusal to grant her relief through the first-time penalty abatement procedures was unreasonable, arbitrary and capricious, and an abuse of discretion.

**The IRS Failed to Comply With Section 6751(a)**

69.     Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

70.     Internal Revenue Code Section 6751(a) requires each notice of a penalty issued by the IRS to state the name of the penalty, the Section of the Internal Revenue Code under which the penalty is imposed, and a computation of the penalty.

71.     On November 2, 2020, the IRS sent to the Plaintiff a Notice CP15 entitled "Notice of Penalty Change."

72.     The November 2, 2020 Notice CP15 did not provide the Plaintiff with a statement as to how the Section 6039F penalty was calculated.

73.     Because the IRS violated Section 6751(a) by not providing the Plaintiff with a computation as to how it computed the Section 6039F penalty, the Plaintiff could not determine if the Section 6039F penalty was correctly computed.

74.     The IRS's failure to comply with Section 6751(a) adversely affected the Plaintiff.

75.     The IRS's failure to provide the Plaintiff with a penalty computation for the Section 6039F penalty assessed against her by the IRS is arbitrary, capricious, an abuse of discretion, and otherwise contrary to law.

76.     The Plaintiff has no adequate remedy at law.

77.     The actions of the Defendants in not providing a penalty calculation imposes a harm on the Plaintiff that warrants relief.

**The IRS Failed to Comply With Section 6751(b)**

78.     Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

79.     Internal Revenue Code Section 6751(b)(1) provides that the IRS may not assess certain penalties "unless the initial determination of such assessment is personally approved (in writing) by the immediate supervisor of the individual making such determination or such higher level official as the Secretary may delegate."

80.     According to Section 6751(b)(1), all penalties must comply with the procedural requirements unless they meet specific exceptions listed. Those specific exceptions include failure to file and failure to pay penalties as well as failure to make required estimated tax payments. They also include "any other penalty automatically calculated through electronic means."

81.     Section 6039F penalties are systemic penalties, not automatic penalties. Thus, Section 6039F penalties are subject to Section 6751(b)(1).

82.     The Plaintiff requested a transcript of the Section 6039F penalty assessed against her for the 2017 calendar year through a FOIA request.

83.     The transcript received from the IRS did not identify the IRS employee or employees engaged in the penalty approval. *See* Exhibit G.

84.     The IRS has refused to identify the "immediate supervisor" or "approved higher official" that approved the Section 6039F penalty assessed against her.

85.     Since the IRS has refused to identify the employee that approved the Section 6039F penalty assessed against the Plaintiff, it is not possible to verify if the IRS complied with Section 6751(b)(1).

86.     On September 29, 2023, Plaintiff's counsel sent Appeals Officer Xi Lian a written correspondence. In that correspondence, Plaintiff's counsel told Xi Lian it did not appear that the IRS satisfied the requirements of Section 6751(b)(1) because the name of the IRS employee that approved the penalty was not disclosed. Xi Lian never responded to the September 29, 2023 written correspondence.

87.     The IRS's failure to disclose the identity of the "immediate supervisor" or "approved higher official" that approved the Section 6039F penalty against the Plaintiff is arbitrary, capricious, an abuse of discretion, and otherwise contrary to law.

88.     The Plaintiff has no adequate remedy at law.

89.     The Defendant's actions impose a harm on the Plaintiff that warrants relief.

**The IRS Does Not Have the Authority to Assess Section 6039F Penalties**

90.     Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

91.     Section 6671(a) of the Internal Revenue Code provides that the Secretary of the Treasury shall assess and collect the penalties and liabilities provided by Subchapter B of Chapter 68 of the Internal Revenue Code ("Chapter 68B") "in the same manner as taxes." Chapter 68B penalties are generally assessable penalties that the IRS can immediately assess and collect without benefit of deficiency procedures.

92.     The requirement that U.S. donees of large foreign gifts file informational returns on Form 3520 is set forth in Section 6039F of the Internal Revenue Code. The failure to timely file Form 3520 in connection with the receipt of any such large foreign gift is provided in subsection (c) of Section 6039F.

93.     Section 6039F, however, appears in Chapter 61 and not in Chapter 68 of the Internal Revenue Code. The penalty in subsection (c) thereof does not provide that the Secretary of the Treasury is to assess and collect the penalty in the same manner as a tax or an assessable penalty. Section 6039F also does not contain any cross-reference to another section in Chapter 68 for provisions relating to the applicable penalty arising from the failure to comply with Section 6039F's reporting requirement. Similarly, there is no section in Chapter 68 (i.e., Sections 6651–6751) that provides or imposes any penalty with respect to the failure to comply with Section 6039F's reporting requirement.

94.     Accordingly, the Section 6039F(c) penalty imposed on Plaintiff for failing to file Form 3520 is not an "assessable penalty" under the Internal Revenue Code and, in particular, is not an "assessable penalty" provided by Chapter 68B.

95.     Since the 6039F(c) penalty is not an assessable penalty, the assessment authority granted to the Secretary of the Treasury under Section 6201(a) of the Internal Revenue Code with respect to all taxes (including interest, additional amounts, additions to tax, and assessable penalties) does not extend to and include the Section 6039F(c) penalty.

96.     The IRS is the delegate of the rights and powers of the Secretary of the Treasury under Sections 6201 and 6671. As such, the IRS lacks the statutory authority to assess and administratively collect the Section 6039F(c) penalty imposed on Plaintiff for not timely filing Form 3520 for the 2017 calendar year.

97.     On September 29, 2023, Plaintiff's counsel advised Xi Lian in writing that the IRS did not have the authority to assess the Section 6039F penalty against the Plaintiff. Xi Lian ignored the September 29, 2023 correspondence.

98.     Defendants exceeded their statutory authority in assessing and collecting the Section 6039F(c) penalty against plaintiff for the 2017 calendar year.

99.     The IRS's determination that the Plaintiff was liable for a Section 6039F penalty was unreasonable, arbitrary and capricious, and an abuse of discretion.

-14-

100.    The Plaintiff has no adequate remedy at law.

101.    As a direct and proximate result of Defendants' actions, Plaintiff has been deprived of due process as guaranteed under the Fifth Amendment of the Constitution.

**Count I**

**The IRS Violated 5 U.S.C. Section 706 Because the Plaintiff Had Reasonable Cause for Her Failure to timely File Form 3520**

102.    Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

103.    The IRS has authority to waive a Section 6039F penalty if the individual that was assessed the penalty can demonstrate that the violation was due to reasonable cause. *See* IRC Section 6039F(c)(2).

104.    Reliance on the advice of a tax professional may constitute reasonable cause.

105.    The Plaintiff acted with reasonable cause in consulting her tax accountant to determine if she had a 3520 filing requirement.

106.    Since the Plaintiff acted with reasonable cause in determining her 2017 filing requirements, the IRS should have removed the 2017 Section 6039F penalty in full.

107.    The IRS has concluded that "ordinary business care and prudence requires taxpayers to make themselves aware of their duties and that ignorance of tax laws could not serve as a basis for reasonable cause." The IRS's definition of reasonable cause for purposes of the Section 6039F penalty completely ignores *Boyle* and its own regulations promulgated under Section 6651(a)(1). The IRS's interpretation of Section 6039F(c)(2) goes beyond the authorizing statute. The IRS determination that the Plaintiff did not act with reasonable cause was an invalid agency interpretation of the statute.

108.   The Plaintiff was adversely affected by the IRS's unlawful interpretation of Section 6039F(c)(2).

109.   The IRS's determination that the Plaintiff is liable for a Section 6039F penalty for the 2017 calendar year was unreasonable, arbitrary and capricious, and an abuse of discretion.

110.   The Plaintiff has been adversely affected as a direct and proximate result of the Defendants' arbitrary and capricious actions.

**Count II**

**The IRS Failed to Permit the Plaintiff to Participate in the First-Time Penalty Abatement Procedures**

111.   Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

112.   The IRS has established the first-time penalty abatement procedures to help administer the abatement of penalties consistently and fairly, reward past compliance, and promote future compliance. This program allows a first-time noncompliant taxpayer to request abatement of certain penalties for a single tax period.

113.   According to the IRS's first-time penalty abatement procedures, a taxpayer meets all of the first-time abatement criteria by: 1) filing all required tax returns; 2) paying all taxes due; and 3) having no prior penalties. The Plaintiff satisfies all three of these requirements.

114.   Despite the fact that the Plaintiff qualified for the first-time penalty abatement according to the IRS's own rules, the IRS denied the Plaintiff relief under the first-time penalty abatement procedures.

115.   The Plaintiff was adversely affected by the IRS's decision not to permit her relief pursuant to the first-time penalty abatement procedures.

116.   The IRS's determination that the Plaintiff was not entitled to relief under the first-time penalty abatement procedures was unreasonable, arbitrary and capricious, and an abuse of discretion.

117.   The Plaintiff has been adversely affected as a direct and proximate result of the Defendants' arbitrary and capricious actions.

**Count III**

**The IRS Failed to Comply with Section 6751**

118.   Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

119.   Section 6751 requires the IRS to follow two procedural requirements when imposing a Section 6039F penalty.

120.   First, an individual assessed a Section 6039F penalty must receive notice of the penalty and how the penalty is computed under Section 6751(a).

121.   The IRS did not provide the Plaintiff with a computation of the Section 6039F penalty it assessed against the Plaintiff.

122.   The Plaintiff was adversely affected by the IRS's actions of not providing a computation of the Section 6039F penalty.

123.   The IRS's failure to provide a computation of the Section 6039F penalty was unreasonable, arbitrary and capricious, and an abuse of discretion.

124.   The Plaintiff has been adversely affected as a direct and proximate result of the Defendants' arbitrary and capricious actions.

125.   Second, Section 6751(b)(1) provides that the 'initial determination to assess a Section 6039F penalty must be approved "in writing" by an "immediate supervisor" or an "approved higher official."

126.   Since the IRS refused to identify the IRS employee engaged in the Section 6039F penalty approval, the Plaintiff cannot verify that the IRS complied with Section 6751(b)(1).

127.   The Plaintiff was adversely affected by the IRS's actions.

128.   The IRS's failure to identify the employee that authorized the Section 6039F penalty against her was unreasonable, arbitrary and capricious, and an abuse of discretion.

129.   The Plaintiff has been adversely affected as a direct and proximate result of Defendants' arbitrary and capricious actions.

**Count IV**

**The IRS Does Not Have The Authority to Assess and Collect a Section 6039F Penalty**

130.   Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

131.   Section 6671(a) of the Internal Revenue Code provides that the Secretary of the Treasury shall assess and collect the penalties and liabilities provided by Chapter 68B "in the same manner as taxes." Chapter 68B penalties are generally assessable penalties that the IRS can immediately assess and collect without benefit of deficiency procedures.

132.   The requirement that U.S. donees of large foreign gifts file informational returns on Form 3520 is set forth in Section 6039F of the Internal Revenue Code. The failure to timely file Form 3520 in connection with the receipt of any such large foreign gift is provided in subsection (c) of Section of Section 6039F.

133.   Section 6039F appears in Chapter 61 and not in Chapter 68 of the Internal Revenue Code. The penalty in subsection (c)  therefore does not provide that the Secretary of the Treasury is to assess and collect the penalty in the same manner as a tax or an assessable penalty. Section 6039F also does not contain any cross-reference to

-18-

another section in Chapter 68 for provisions relating to the applicable penalty arising from the failure to comply with Section 6039F's reporting requirement. Similarly, there is no section in Chapter 68 (i.e., Sections 6651-6751) that provides or imposes any penalty with respect to the failure to comply with Section 6039F's reporting requirement.

134.   Accordingly, the Section 6039F(c) penalty imposed on Plaintiff for failing to file Form 3520 is not an "assessable penalty" under the Internal Revenue Code and, in particular, is not an "assessable penalty" provided by Chapter 68B.

135.   Since the 6039F(c) penalty is not an assessable penalty, the assessment authority granted to the Secretary of the Treasury under Section 6201(a) of the Internal Revenue Code with respect to all taxes (including interest, additional amounts, additions to tax, and assessable penalties) does not extend to and include the Section 6039F(c) penalty.

136.   The IRS is the delegate of the rights and powers of the Secretary of the Treasury under Sections 6201 and 6671. As such, the IRS lacks the statutory authority to assess and administratively collect the Section 6039F(c) penalty imposed on the Plaintiff by the Defendants for not timely filing Form 3520 for the 2017 calendar year. The IRS cannot assess and administratively collect a Section 6039F penalty.

137.   The IRS interpretation of Section 6039F that it can assess and administratively collect a Section 6039F(c) penalty goes beyond the authority provided to it in the Internal Revenue Code.

138.   The Plaintiff was adversely affected by the IRS's actions of assessing a Section 6039F(c) penalty against her for the 2017 calendar year.

139.   The IRS's determination that the Plaintiff was liable for the 2017 Section 6039F penalty was unreasonable, arbitrary and capricious, and an abuse of discretion.

140.   The Plaintiff has been adversely affected as a direct and proximate result of the Defendants' arbitrary and capricious actions.

**Count V**

**Judicial Review of Agency Action Under the APA**

141.   Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

142.   The APA, 5 U.S.C. Sections 701 through 706 provide for judicial review when parties are adversely affected by agency actions within the meaning of a relevant statute.

143.   The Plaintiff was adversely affected by the IRS's misinterpretation of definition of reasonable cause for purposes of Section 6039F(c)(2).

144.   The IRS's determination that the Plaintiff was liable for a Section 6039F penalty was unreasonable, arbitrary and capricious, and an abuse of discretion.

145.   The Plaintiff was entitled to relief from the Section 6039F penalty for the 2017 calendar year through the first time penalty abatement procedures.

146.   The Plaintiff was adversely affected by the IRS's action.

147.   The IRS's determination that the Plaintiff was not entitled to relief through the first time penalty abatement procedures was unreasonable, arbitrary and capricious, and an abuse of discretion.

148.   Internal Revenue Code Section 6751(a) requires that the IRS provide penalty computations.

149.   The IRS did not provide the Plaintiff with penalty computation for the 2017 Section 6039F penalty it assessed against the Plaintiff.

150.   The IRS's failure to provide the Plaintiff with a penalty computation for the 2017 calendar year for the Section 6039F penalty assessment was unreasonable, arbitrary and capricious, and an abuse of discretion.

151.   Internal Revenue Code Section 6751(b)(1) requires that Section 6039F penalties must be personally approved in writing by the immediate supervisor of the

individual making such determination or such higher level official as the Secretary may delegate.

152.    The IRS's refusal to identify the "immediate supervisor" or "approved higher official" that approved the Section 6039F penalty against her. Since the IRS has refused to identify the "immediate supervisor" or "approved higher official" that approved the Section 6039F penalty against her, it is impossible to verify if the IRS complied with the requirements of Section 6751(b)(1).

153.    The Plaintiff was adversely affected by the IRS's action of failing to identify the "immediate supervisor" or "approved higher official" that approved the Section 6039F penalty for the 2017 calendar year.

154.    The IRS's failure to identify the "immediate supervisor" or "approved higher official" that approved the Section 6039F penalty for the 2017 calendar year was unreasonable, arbitrary and capricious, and an abuse of discretion.

155.    The IRS lacks the statutory authority to assess and administratively collect the Section 6039F penalty imposed on Plaintiff for the 2017 calendar year.

156.    The Plaintiff was adversely affected by the IRS's action of assessing the Section 6039F penalty against her for the 2017 calendar year.

157.    The IRS's determination that the Plaintiff is liable for a Section 6039F penalty for the 2017 calendar year was unreasonable, arbitrary and capricious, and an abuse of discretion.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

A.    Declaratory Judgment finding the following:

      a.    Setting aside Section 6039F penalty as unlawful under 5 U.S.C. under Section 706 for the 2017 calendar year.

b.     Defendants' actions were arbitrary, capricious and an abuse of discretion, or otherwise not in accordance with the law in assessing the Section 6039F penalty against the Plaintiff for the 2017 calendar year.

c.     Defendants did not provide the Plaintiff with a meaningful opportunity to contest the Section 6039F penalty for the 2017 calendar year.

d.     Holding IRS Appeals actions in upholding the Section 6039F deprived the Plaintiff of due process as guaranteed under the Fifth Amendment of the Constitution.

B.     Injunctive relief ordering Defendants to remand this case back to the IRS for further consideration.

C.     An award of attorney fees, costs, and other expenses incurred by Plaintiff to the extent allowed by law; and

D.     Such relief as the Court deems just and proper.

Date: August 8, 2024

Respectfully submitted,

*/s/ Anthony V. Diosdi*
Anthony V. Diosdi (CA SBN 339070)
Diosdi & Liu, LLP
505 Montgomery St., 11th Floor
San Francisco, CA 94111
Phone: (415) 318-3990
Fax: (415) 335-7922
adiosdi@sftaxcounsel.com

*Attorney for Plaintiff*