UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALDENE PRATT MADRID,<br><br>    Plaintiff,<br><br>    v.<br><br>INTERNAL REVENUE SERVICE, et al.,<br><br>    Defendants. | Case No. 24-cv-04862-JD<br><br>**ORDER RE DISMISSAL** |

    Plaintiff Madrid filed this action against the Internal Revenue Service and the United States under the Administrative Procedure Act, 5 U.S.C. §§ 551 *et seq*. Dkt. No. 1. The United States moved to dismiss, arguing *inter alia* that the Court "lacks jurisdiction to hear this matter because there are other adequate remedies available to" Madrid, namely a tax refund claim or a Collections Due Process procedure. Dkt. No. 15 at 1, 3. Opposing the dismissal request, Madrid asserted that she "is not asking this Court to mitigate or overturn the 2017 Section 6039F penalty assessed against her," and that all she is seeking is "agency transparency" and to discover "the IRS's rationale for upholding the Section 6039F penalty" against her. Dkt. No. 18 at 11, 15, 24.

    These statements are at odds with Madrid's complaint, which opened with the allegation that "[t]his is an action . . . wherein Plaintiff is disputing a civil penalty assessment for failure to timely file Form 3520 required by Section 6039F of the Internal Revenue Code and regulations promulgated thereunder," and she "seeks a declaratory judgment to remand her case back to the Independent Office of IRS Appeals to reconsider [her] reasonable cause defense and other defenses to the Section 6039F penalty." Dkt. No. 1 ¶¶ 1, 4; *see also id*. at 21 (seeking declaratory judgment "[s]etting aside Section 6039F penalty as unlawful").

This kind of "moving-target theory of pleading is a far way from the short and plain statement Rule 8 demands, and does not give defendants fair notice of the allegations for which they are called to account." *In re Stitch Fix, Inc. Securities Litigation*, No. 18-cv-06208-JD, 2020 WL 5847506, at *3 (N.D. Cal. Sept. 30, 2020); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (Rule 8(a)(2) requires a "short and plain statement" which "give[s] the defendant fair notice of what the . . . claim is and the grounds upon which it rests") (quotations and citation omitted).

Madrid's complaint is consequently dismissed pursuant to Rule 8 of the Federal Rules of Civil Procedure, with leave to amend. Any amended complaint must be filed by October 20, 2025, and it may not add any new claims or parties without express leave of Court. If the United States again moves to dismiss, the parties are advised that all briefs must comply with the page limits in the Court's Standing Order for Civil Cases. Plaintiff's opposition brief, Dkt. No. 18, was overlength. Going forward, non-compliant briefs may summarily be stricken without an opportunity to re-file. In addition, should there again be a conflict between plaintiff's characterization of her complaint and her actual complaint allegations, any contradictory statements in the brief will be disregarded, and plaintiff will not be given a further opportunity to amend on that basis.

**IT IS SO ORDERED.**

Dated: September 29, 2025

JAMES DONATO
United States District Judge