United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GERALDENE PRATT MADRID,
Plaintiff,

v.

INTERNAL REVENUE SERVICE, et al.,
Defendants.

Case No. 24-cv-04862-JD

**SECOND ORDER RE DISMISSAL**

After a dismissal order, Dkt. No. 22, plaintiff Geraldene Pratt Madrid filed an amended complaint. Dkt. No. 23. The amended complaint again alleges that Madrid was assessed a $91,712.50 tax penalty by the IRS pursuant to Section 6039F of the Internal Revenue Code, and that the IRS subsequently agreed to reduce 50% of that penalty on the basis of plaintiff's reasonable cause defense. *Id*. ¶¶ 30, 38-44. Madrid says that the IRS's actions violated the Administrative Procedure Act (APA), 5 U.S.C. §§ 551 et seq., in various ways. *See id*. ¶¶ 73-127. The parties' familiarity with the facts is assumed, and the United States' motion to dismiss plaintiff's amended complaint, Dkt. No. 24, is granted.

Each side's arguments plow familiar ground. The United States again contends that the Court lacks jurisdiction over Madrid's claims under the APA because there are other adequate remedies that are available to Madrid, including a tax refund claim under 26 U.S.C. § 7422. Dkt. No. 24 at 4-5; *see also* 5 U.S.C. § 704. Madrid again says that a refund claim "is not an adequate alternative because Plaintiff is not seeking to recover tax imposed or collected by the IRS." Dkt. No. 27 at 7-8. She states that she "is not alleging that a tax was erroneously or illegally assessed or collected, a penalty was collected without authority, or any sum is alleged to be excessive." *Id*.

United States District Court
Northern District of California

The problem is that these points are inconsistent with the allegations in the amended complaint. The Court previously advised Madrid that arguments in conflict with her complaint would be disregarded. Dkt. No. 22 at 2. Madrid disregarded that admonition, to her detriment. The amended complaint alleges that "[d]efendant assessed a significant penalty under Section 6039F of the Internal Revenue Code in disregard of Plaintiff's reasonable cause defense and other defenses to the penalty," and that "the IRS violated the plaintiff's due process rights by failing to properly apply the reasonable cause standard stated in IRC Section 6651." Dkt. No. 23 ¶ 2 & p. 9. Moreover, plaintiff expressly alleges that "[s]ince [she] acted with reasonable cause in determining her 2017 filing requirements, the IRS should have removed the 2017 IRC Section 6039F penalty in full," and she seeks an order "holding unlawful and setting aside IRS Appeals determination to uphold the IRS Section 6039F penalty" and "remand[ing] the IRC Section 6039F penalty appeal back to IRS Appeals for reconsideration and further proceeding." *Id.* ¶ 93 & p. 29.

Consequently, Madrid's complaint allegations establish that she is seeking a further reduction of the tax penalty that was assessed against her. As such, "adequate alternatives to APA review in court" are available to plaintiff, and the Court lacks subject matter jurisdiction over this case. *U.S. Army Corps of Eng'rs v. Hawkes Co., Inc.*, 578 U.S. 590, 600 (2016) (citing 5 U.S.C. § 704); *see also Brem-Air Disposal v. Cohen*, 156 F.3d 1002, 1004 (9th Cir. 1998) ("[F]ederal courts lack jurisdiction over APA challenges whenever Congress has provided another 'adequate remedy.'").

The case is dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(1). Judgment will be entered against the plaintiff and the case closed.

**IT IS SO ORDERED.**

Dated: September 24, 2026

JAMES DONATO
United States District Judge